

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 5, 2022

**By ECF**

Ms. Brenna B. Mahoney
The Clerk of the Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Kelly v. Tellez,* 22-cv-3895

Dear Ms. Mahoney,[1]

      Defendants United States of America, Warden Heriberto H. Tellez,[2] and MDC Brooklyn (collectively, "Defendants" or "the Government"), respectfully inform the Court that following a clinical assessment, Plaintiff Robert Sylvester Kelly, also known as "R. Kelly," was removed from suicide watch as of this morning, July 5, 2022. As a result, Plaintiff's emergency motion for a temporary restraining order and preliminary injunction is now moot.

      By way of background, on Friday evening, July 1, 2022, Plaintiff filed an emergency motion for an order to show cause to obtain a temporary restraining order or a preliminary injunction to remove Plaintiff from suicide watch at MDC. *See* Dkt. No. 2 ("Plaintiff's Motion"). The next day, on Saturday, July 2, 2022, the Government filed its opposition to Plaintiff's Motion, and noted that Plaintiff would continue to be clinically assessed daily for the duration of his suicide watch. *See* Dkt. Nos. 3, 4, 5.

      Today, on July 5, 2022, the Bureau of Prisons has informed the undersigned that Plaintiff has been removed from suicide watch. Thus, in addition to the arguments set forth in the Government's memorandum in opposition to Plaintiff's Motion, Plaintiff's Motion should be denied as moot. Article III of the United States Constitution limits the subject matter jurisdiction of federal courts to "Cases" and "Controversies." *See Arizonans for Official English v. Arizona*,

---

[1] This matter has not yet been assigned to a U.S. District Judge.

[2] The United States is representing the Warden in his official capacity at this time. The MDC Warden is currently F. Martinez, Jr. As there is no indication that the Warden has been personally served, he has not yet had an opportunity to submit a representation request to the Department of Justice, nor has the Department of Justice granted this Office representation authority on their behalf. The Government makes this submission to the Court without making any appearances or admissions on behalf of any individual in their personal capacity and without waiving any defenses.

520 U.S. 43, 64 (1997). The lack of jurisdiction on Plaintiff's motion here is self-evident: because Plaintiff has already been removed from suicide watch, there is nothing more that the Court can do for him with respect to his demand to be removed from suicide watch. When a plaintiff's claim seeks to compel a federal official to act, and the official has already performed that act, the claim is moot. *See Barrett v. United States*, 105 F.3d 793, 794-95 (2d Cir. 1996); *Feng Chen v. Sessions*, 321 F. Supp. 3d 332, 337 (E.D.N.Y. 2018). Continuing Plaintiff's Motion would have this Court review Plaintiff's placement on a suicide watch that is no longer in effect—a textbook example of a moot case or controversy. *See, e.g., Coll. Standard Magazine v. Student Ass'n of State Univ. of N.Y. at Albany*, 610 F.3d 33, 35 (2d Cir. 2010) ("There is no judgment we could issue here that could be effective. Even if we could enjoin the challenged policy now that it has been repealed, that is not the remedy the plaintiffs are currently seeking . . . Any declaration that the policy was unconstitutional would be strictly advisory.").

Nor may Plaintiff argue that his case falls under the "voluntary cessation" or "capable-of-repetition" exceptions to the mootness doctrine. Indeed, upon information and belief, Plaintiff will soon be transferred out of MDC to stand trial in the Northern District of Illinois. To the extent Plaintiff is ever placed back onto suicide watch, such a placement would be separate and apart from Plaintiff's instant motion. *Cf. Lallave v. Martinez,* -- F. Supp. 2d. -- , 2022 WL 2338896, at *7 (E.D.N.Y. June 29, 2022) (Garaufis, J.) ("Respondents cannot now *ex ante* cease future attempts to detain Petitioner for infractions that have not yet occurred, *i.e.,* for some future incident or for purely discretionary reasons. In other words, if Petitioner's concerns came to fruition, Respondents would be seeking to detain her in a new case, unrelated to their now ceased actions in this case.").

Accordingly, for the reasons set forth in the Government's July 2, 2022 opposition and for the reasons set forth herein, Plaintiff's Motion should be denied.

The Government thanks the Court for its consideration of this matter.

Respectfully submitted,

BREON PEACE
United States Attorney
*Counsel for Defendants*

By:    /s/
   Melanie Speight
   Joseph Marutollo
   Assistant United States Attorneys
   (718) 254-7509/6288
   Melanie.speight@usdoj.gov
   Joseph.marutollo@usdoj.gov

cc:  **BY ECF**
   Jennifer Bonjean
   *Counsel for Plaintiff*